# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.      ) | Criminal Action 1:23-00129-KD-B-1 |
| ) | |
| **KRISTEN ARIEALE WILLIAMS,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This matter is before the Court on the United States' Motion for Preliminary Order of Forfeiture. (Doc. 104). The United States moves for a preliminary order of forfeiture for the following:

> One Apple iPhone Model: D21AP, IMEI 358691097367225, serial number, FD1D2ARBN1YP.

(Id. at 1).

Defendant Kristen Arieale Williams was charged in a five-count Superseding Indictment. (Doc. 62). Count One charged Defendant with conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349; Counts Two and Three charged Defendant with bank fraud in violation of 18 U.S.C. § 1344(1); Count Four charged Defendant with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1); and Count Five charged Defendant with theft and possession of a postal service key in violation of 18 U.S.C. § 1704. (Id.). The Superseding Indictment contained a forfeiture notice placing Williams on notice that she shall forfeit "pursuant to Title 18, United States Code, Sections 981(a)(1)(C), any property, real or personal, that constitutes or is derived from proceeds traceable to the offenses, and pursuant to Title 18, United States Code, Section

982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations." (Id. at 6).

On November 15, 2023, the jury found Williams guilty on all counts, that is, Counts One-Five of the Superseding Indictment. (Docs. 95, 96). The sentencing is set for February 23, 2024. (Doc. 104 at 2).

The United States submits the following in its motion:

The United States is entitled to criminally forfeit the property listed above, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes, is involved in or is derived from proceeds traceable to the offenses.

Further, Fed. R. Crim. P. 32.2(b)(1) provides that, when the United States seeks to forfeit specific property, the Court must determine whether the United States has established the requisite nexus between the property and the defendant's crime. As set forth above, the defendant possessed the cellular phone identified above and used it repeatedly during the conspiracy; therefore, the cellular phone was involved and used in the commission of the offenses and is subject to forfeiture, pursuant to 18, U.S.C. §§ 981(a)(1)(C) and 982(a)(2), 28 U.S.C. § 2461(c).

In addition, Fed. R. Crim. P. 32.2(b)(4) provides that once a preliminary order of forfeiture is entered, it will become final as to the defendant at sentencing, unless the defendant consents to the order becoming final prior to sentencing.

(Doc. 104 at 5) (emphasis added).

As argued in the Government's motion, evidence shown at trial indicates that Williams used her cell in furtherance of the bank fraud conspiracy. A phone extraction of coconspirator White's cell phone indicated that White and Williams exchanged several phone calls at times relevant to the conspiracy, including several calls in October 2022, which was around the time that the arrow key at issue went missing from the Prichard Post Office. (Id. at 2-3). March 2023 texts between White and Williams, which White initiated under the direction of federal agents,

2

ask that Williams steal another arrow key and sell it to him. (Id. at 3). Williams responded, "[Y]ou know I went through so much anxiety the last time but I will think on it they very strict about it now." (Id.). Evidence from Williams' phone also showed her texts with White and a screenshot of her PNC Bank Account, depicting a fraudulent deposit of a counterfeit check. (Id. at 4). Accordingly, there is little doubt that Williams' cell phone was "involved in" the commission of the crimes for which Williams' was convicted at trial.

The issue for the Government is that the statutory sections pursuant to which it seeks forfeiture do not contain this "involved in" language. Section 981(a)(1)(C) states, "The following property is subject to forfeiture to the United States . . . Any property, real or personal, which <u>constitutes or is derived from proceeds</u> traceable to a violation of section . . . 1344 of this title . . . or a conspiracy to commit such offense." 18 U.S.C. § 981(a)(1)(C) (emphasis added). Section 982(a)(2)(A) reads, "The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate – section . . . 1344 of this title, affecting a financial institution . . . shall order that the person forfeit to the United States any property <u>constituting, or derived from, proceeds</u> the person obtained directly or indirectly, as the result of such violation." 18 U.S.C. § 982(a)(2)(A) (emphasis added). "Proceeds" under both subsections is defined at Section 981(a)(2)(A). "In cases involving . . . unlawful activities . . . the term 'proceeds' means <u>property</u> of any kind <u>obtained directly or indirectly, as the result of the commission of the offense</u> giving rise to the forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense." 18 U.S.C. § 981(a)(2)(A) (emphasis added).

The Superseding Indictment does not allege, nor does the evidence shown at trial indicate, any facts that would make Williams' cell phone constitute or derive from "proceeds" as defined in the statute. The facts indicate that Williams <u>used</u> her phone during and in relation to

3

the bank fraud conspiracy, not that she acquired it through the ill-gotten gains of the conspiracy. While other subsections of the civil and criminal forfeiture statutes contain "involved in" language, e.g., Section 981(a)(1)(A) for violations of Sections 1956, 1957, or 1960, the subsections under which the United States seeks forfeiture for her bank fraud conviction under Section 1344 do not include such language. See U.S. v. Parenteau, 805 F. Supp. 2d 438, 449 (S.D. Ohio 2011) ("The 'constituting, or derived from' nexus requirement for bank and wire fraud is narrower than that for money laundering.") (citing U.S. v. Warshak, 631 F.3d 266, 332-33 (6th Cir. 2010)). The Government inserts such language in its Motion:

> The United States is entitled to criminally forfeit the property listed above, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes, is involved in or is derived from proceeds traceable to the offenses.

(Doc. 104 at 5) (emphasis added). As just discussed, however, the "involved in" language does not appear to be a part of the civil or criminal forfeiture statutes as it relates to violations or conspiracies to violate Section 1344 (i.e., bank fraud).

> The Government goes on:
>
> Further, Fed. R. Crim. P. 32.2(b)(1) provides that, when the United States seeks to forfeit specific property, the Court must determine whether the United States has established the requisite nexus between the property and the defendant's crime. As set forth above, the defendant possessed the cellular phone identified above and used it repeatedly during the conspiracy; therefore, the cellular phone was involved and used in the commission of the offenses and is subject to forfeiture, pursuant to 18, U.S.C. §§ 981(a)(1)(C) and 982(a)(2), 28 U.S.C. § 2461(c).

(Doc. 104 at 5). As analyzed above, Sections 981(a)(1)(C) and 982(a)(2)(A) do not appear to provide bases for the forfeiture of property "involved in" any applicable offense. Additionally, Section 2461, entitled "Mode of recovery," merely outlines the procedure for a court to order the forfeiture of property following conviction of the offense giving rise to the forfeiture. See 18 U.S.C. § 2461(c). Further, Rule 32.2(b)(1), discussing property subject to forfeiture, states, "As

4

soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A) (emphasis added). The next sentence reads, "If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense." Id. Thus, courts have treated Rule 32.2's "requisite nexus" as being set out in the applicable statute, meaning it is not on its own a means for determining which property is subject to forfeiture. E.g., U.S. v. Capoccia, 503 F.3d 103, 115 (2d Cir. 2007) ("The 'requisite nexus' for a violation of 18 U.S.C. § 2314 is set forth in 18 U.S.C. § 981(a)(1)(C) . . . .").

Accordingly, the United States is **ORDERED** to file a brief that cites authority for forfeiture as requested. The United States shall file its brief by **January 25, 2024**.

**DONE** this the 18th day of **January 2024.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**